# NORMAND

3165 McCrory Place, Suite 175, Orlando, Florida 32803

**T:** 407-603-6031    **F:** 888-974-2175

**NORMANDPLLC.COM**

April 14, 2026

**VIA ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

> **Re:** *Kylie Mckenzie v. United States Tennis Association Incorporated, et al.,*
> **No. 24-12966 (argued Jan. 27, 2026)**
> **Response to Appellants' Notice of Supplemental Authority**

Dear Mr. Smith:

Appellants' submission of *Turo, Inc. v. Mobley*, No. 6D2025-1405 (Fla. 6th DCA Jan. 30, 2026), is inapplicable and should be disregarded.

*Turo* addresses a Florida procedural statute regarding punitive damages. The gatekeeping procedure in section 768.72, Florida Statutes—requiring a motion to amend, an evidentiary showing, and leave of court before a punitive damages claim can be asserted—does not apply in federal diversity actions. *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999). Appellants recognized this—they never argued anything, at the district court or on appeal, concerning the pleading of punitive damages. Thus, a case interpreting a procedural statute that is inapplicable to this case is not helpful as supplemental authority.

In addition to being inapplicable, Appellants mischaracterize *Turo's* facts. They emphasize that "Turo had received photos at least 55 times" showing the tire warning light, suggesting repeated notice to the company. (Notice, p. 1). That is incorrect. Turo received those photographs *zero* times. The court expressly explained that the images "were shared [only] between the vehicle owner and renter" and that "Turo does not review these photographs." *Turo*, at 3. Thus, there was **no evidence** that Turo ever received or reviewed the photographs, or any

1

other reports, concerning the warning light. On that basis, the Sixth District held that "the evidentiary support, taken together, fail[ed] to show that Turo had actual knowledge of any wrongful conduct." *Id.* at 9.

*Turo's* facts bear no resemblance to this case. Here, the record established the USTA's longstanding awareness of the risk of sexual misconduct by coaches in its program, (Appellee Br., p. 7–8); its imputed knowledge of prior misconduct by the same coach, (*id.* p. 6–7); and its failure to supervise and protect McKenzie from that known risk, (*id.*, p. 8–9, 50–55).

In short, *Turo* has no bearing or impact on this case. And it certainly does not justify disturbing the jury's verdict, which this Court must review with substantial deference. *See, e.g.*, *Crawford v. ITW Food Equipment Group, LLC*, 977 F.3d 1331, 1342 (11th Cir. 2020).

Respectfully submitted,

*/s/ Amy L. Judkins*
Amy L. Judkins

*Counsel for Appellees*

cc: All Counsel of Record (via CM/ECF)

**<u>CERTIFICATE OF COMPLIANCE</u>**

I certify that this document complies with the length limitations set forth in Fed. R. App. P. 28(j) because it contains 344 words, as counted by Microsoft Word, excluding the items that may be excluded.

<u>*/s/ Amy L. Judkins*</u>
Amy L. Judkins

*Counsel for Appellees*